United States District Court
Southern District of Texas
FILED

AUG 0 4 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

OSCAR WILBURD MORENO-RAMOS,  )
                             )
v.                           )      C.A. B-03-137
                             )
A.G. WINFREY, Interim Field Office )
  Director, DHS HLG/DO, and  )
THE UNITED STATES OF AMERICA. )
_____)

## PETITION FOR WRIT OF HABEAS CORPUS

Oscar Wilburd Moreno-Ramos, ("Mr. Moreno"), by and through the undersigned, files the instant Petition for Writ of Habeas Corpus, under 28 U.S.C. §2241, and *INS v. St. Cyr,* 121 S.Ct. 2271 (2001).

### I. JURISDICTION AND VENUE

1. Petitioner Oscar Moreno-Ramos is under an administratively final order of removal (Petitioner's Exhibit A, herein incorporated by reference), following proceedings conducted in Harlingen, Texas, within the jurisdiction of this Court. He has been instructed to report for deportation on August 14, 2003, (Petitioner's Exhibit B, herein incorporated by reference). These Orders place significant restrictions on his liberty not shared by the populace at large, and he is in imminent danger of being physically removed to Mexico. Some, if not all, of the claims he raises herein could not be heard by the Fifth Circuit on petition for review. For example, he claims that it violates Due Process to retroactively characterize simple possession of marijuana as an aggravated felony, when he relied on BIA precedent to the contrary when he negotiated his plea bargain. Such a claim, relating solely to the availability of relief for one who has been found deportable for a controlled substance offense, can be entertained solely in habeas corpus, and not in direct review. *See, Flores-Garza v. Ashcroft,* 328 F.3d 797 (5th Cir. 2003). Consequently, any claims which could have been heard initially by the Fifth Circuit can still be entertained by this Court, through its supplemental jurisdiction, 28 U.S.C. §1367.

2. Respondent Windrey also maintains offices and conduct business in Harlingen, Texas.

## II. THE PARTIES

3. Oscar Wilburd Moreno-Ramos has been a lawful permanent resident, ("LPR"), since October 7, 1988. He resides in McAllen, Texas

4. A.G. Winfrey is Interim Field Office Director of the Department of Homeland Security, and is sued in his official capacity only.

## III. THE FACTS

5. Oscar Moreno is a native and citizen of Mexico. He first entered the United States in June, 1986, and has resided here continuously since that date. Mr. Moreno's entire family is lawfully in the United States. He has a history of steady employment, and has other significant equities.

6. On or about On October 21, 1997, Mr. Martinez pled guilty in Brooks County, Texas, to the offense of (simple) possession of marijuana. Pursuant to a plea bargain, he was granted deferred adjudication, and placed on probation. At that time, this was not considered to be a conviction, under *Matter of Manrique,* 21 I&N Dec. 58 (BIA 1995). Alternatively, and assuming, arguendo, that he had foreseen that the interpretation of the law would change, it was not an aggravated felony for immigration purposes, under *Matter of K-V-D-,* 22 I&N Dec. 1163 (BIA 1999). Mr. Moreno reasonably relied on the fact that his plea would not cause mandatory deportation in arranging his plea bargain.

7. A Notice to Appear was issued. It alleged, and Mr. Moreno conceded, the above facts relating to nationality and entry. Removability was charged under 8 U.S.C. §1227(a)(2)(B)(i), for conviction of an offense relating to a controlled substance, and §1227(a)(2)(A)(iii), for conviction of an aggravated felony. Mr.

Moreno denied removability, and requested that proceedings be terminated, under *Matter of Manrique*, 21 I&N Dec. 58 (BIA 1995).

8. On December 8, 1998, the Immigration Judge found that the deferred adjudication was a conviction, but that it was not for an aggravated felony. The Judge also held that it was not grounds for removal, under *Manrique*, and terminated proceedings. INS appealed.

9. In the almost five years that INS' appeal was pending, there were several important changes in the law. Although the BIA withdrew *Manrique*, in 1999, they reaffirmed the principle that simple possession was not an aggravated felony for immigration purposes. *Matter of K-V-D-*, 22 I&N Dec. 1163 (BIA 1999). Had the Board adjudicated INS' appeal at that time, it would have found Mr. Moreno to be removable, but eligible for relief. Instead, however, the BIA simply left the appeal pending for three and a half additional years, during which the Fifth Circuit issued *U.S. v. Hernandez-Avalos*, 251 F.3d 505 (5th Cir. 2001), which, in strongly worded *dicta*, disapproved of *K-V-D-*. And on May 28, 2003, the BIA sustained INS' appeal, under *Hernandez-Avalos*, found the offense to be an aggravated felony, and ordered Mr. Moreno removed to Mexico.

10. Mr. Moreno urges that it violates Substantive Due Process to conclusively presume that no LPR given deferred adjudication for a marijuana offense which **could have been** classified as a felony if the State of Texas had opted to proceed to adjudication, was worthy of remaining in the U.S.. Consequently, the BIA was bound to adopt any other reasonable interpretation of the statute, which would avoid that result. *Webster v. Reproductive Health Services*, 492 U.S. 490,562 (1989) (where fairly possible, statutes must be construed to avoid serious constitutional problems); *INS v. Cardoza-Fonseca*, 94 L.Ed2d 434,459 (1987) (reaffirming "the long-

3

standing principle of construing any lingering ambiguities in deportation statutes in favor of the alien."). *See also, Zadvydas, v. Davis*, 121 S.Ct. 2491 (2001) reading a "reasonable time" limitation into statute authorizing detention of aliens who could not be promptly deported.

11. Such a reasonable interpretation exists, notwithstanding the *dicta* in *Hernandez-Avalos*, criticizing *Matter of K-V-D-, supra*. In order to avoid the serious constitutional problems which would otherwise arise, and because the criticism was *dicta*, [1] Mr. Moreno

---

[1] As stated by the Court in *Hernandez-Avalos, id.* at 509 (footnote in original) (emphasis added):

> However, **if we were reviewing Hernandez's removal order** on direct appeal, **and if the issue of statutory interpretation were properly preserved for review**, we would hold that the BIA's interpretation of section 924(c) is plainly incorrect and that Hernandez was an aggravated felon. We see no reason why the procedural posture of this case requires us to hold that it was fundamentally unfair to treat Hernandez as an aggravated felon because he should have the benefit of an agency's erroneous interpretation of applicable law. [FN3]
>
> FN3. **Because the question presented by this appeal relates only to the fundamental fairness of the proceeding, we need not consider Hernandez's argument that we must defer to the BIA's interpretation of these general criminal statutes.** *Cf. Chevron U.S.A. v. Natural Resources Defense Council*, 467 U.S. 837, 842-43 & n. 9, 104 S.Ct. 2778, 2781-82, 81 L.Ed.2d 694 (1984) (citations omitted)("If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.... The judiciary is the final authority on issues of statutory construction and must reject administrative constructions which are contrary to clear congressional intent. If a court, employing traditional tools of statutory construction, ascertains that Congress had an intention on the precise question at issue, that intention is the law and must be

4

urges that the BIA should have followed *K-V-D-*.

12. Given his lengthy residence in the U.S., his strong family ties, employment history, and other equities, it is likely that Mr. Moreno would have earned cancellation of removal, had he received the opportunity to apply for said form of relief.

### IV. THE CAUSES OF ACTION

The deprivation of liberty complained of herein violates the laws and Constitution of the United States, as well as international law and treaty obligations with his native country of Mexico, which claims are cognizable in habeas corpus under 28 U.S.C. §2241, and through the Court's supplemental jurisdiction, 28 U.S.C. §1367.

#### 1. STATUTORY CONSTRUCTION
#### a. AGGRAVATED FELONY

Mr. Moreno fist urges that the Board erred as a matter of law in its conclusion that *U.S. v. Avalos-Hernandez, supra*, controls the resolution of the question of whether his deferred adjudication disposition constitutes an aggravated felony. The language therein disapproving of *Matter of K-V-D-* was clearly *dicta*, and the Board should not have applied it to Mr. Moreno. To the contrary, Mr. Moreno asserts that the Board correctly decided *Matter of K-V-D-*, and that it erred in not applying said decision herein.

#### b. *MATTER OF ROLDAN, SUPRA.*

---

given effect.").

Such "if we were reviewing" and "if the issue of statutory construction were properly preserved" are classic indicia of *dicta*. Similarly, the Court's acknowledgment that it did not consider the possibility of deference further shows that its criticism of *K-V-D-* was *dicta*, and that said decision continues to be binding herein.

Mr. Moreno also urges that, as a question of law, *Matter of Roldan, supra*, was incorrectly decided, and that (new) 8 U.S.C. §1101(a)(48)(A) was not intended to, and did not, legislatively overrule *Matter of Manrique, supra*. *See,* Dissenting Opinion by Board Member Lory Rosenberg, in which Board Members Villageliu, and Espenoza, joined. (Exhibit A, 23 I&N Dec. at 237-251). *See also,* Dissenting Opinion of Board Member Anthony Moscato, in which Board Member Villageliu, joined. (*Id.*, 23 I&N Dec. at 251-252).

## 2. EQUAL PROTECTION
### a. FEDERAL FIRST OFFENDER ACT

Mr. Moreno next asserts that, for the reasons set forth in *Lujan-Armendariz v. INS*, 222 F.3d 728 (9th Cir. 2000), it violates Equal Protection for a determination of whether a given disposition of criminal charges for simple possession of a controlled substance renders an immigrant subject to deportation to be based solely on whether the immigrant was processed in state, or federal, court.

### b. DIFFERING RESULTS IN DIFFERENT JURISDICTIONS

Mr. Moreno also asserts that, given the national character of immigration law, it violates Equal Protection for the result of his case to depend solely on the federal jurisdiction in which it arose, such that, had he been placed in removal proceedings within the Ninth, rather than the Fifth Circuit, he would not be subject to removal at all, and that, had he been placed in such proceedings in any jurisdiction other than the Fifth, and most particularly, within the Second or Third Circuits, he would have been held to qualify for cancellation of removal, which relief, he urges, he would have earned in the exercise of discretion.

### c. DIFFERING RESULTS BASED ON TIMING OF THE PROCEEDINGS

Had INS' appeal been heard between March 3, 1999, and May 11, 2001,

6

(after the BIA issued *Matter of Roldan*, and before the Fifth Circuit decided *Hernandez-Avalos*), Mr. Moreno would have been considered to subject to removal, but eligible for cancellation of removal, and would have most probably earned such relief in the exercise of discretion. It violates Equal Protection for the difference between remaining in the U.S. as a lawful permanent resident, and being removed, and permanently barred from returning lawfully, to be based solely on the timing of the proceedings.

### 3. SUBSTANTIVE DUE PROCESS

As a permanent resident, Mr. Moreno has a fundamental liberty interest in being able to live and work in the United States, and in remaining here with his family. *See*, Dissenting Opinion of Board Member Rosenberg, *supra* at 238. *See also*, *Landon v. Plasencia*, 459 U.S. 21,34 (1982), citing *Bridges v. Wixon*, 326 U.S. 326 U.S. 135,154 (1945); *Moore v. City of East Cleveland*, 431 U.S. 494,499 (1977), and *Stanley v. Illinois*, 405 U.S. 645, 651 (1972):

> Plasencia's interest here is, without question, a weighty one. She stands to lose the right "to stay and live and work in this land of freedom," ... Further, she may lose the right to rejoin her immediate family, a right that ranks high among the interests of the individual. ...

*Moore* and *Stanley* are both fundamental rights cases, involving family relationships. *Stanley* struck down a conclusive presumption, similar to that involved herein, and *Moore* simply concluded that the interest advanced by the State was insufficient to justify the particular intrusion into the family unit. As a lawful permanent resident, Mr. Moreno enjoys the same Due Process rights, including substantive Due Process rights, to develop and enjoy intimate family relationships in the United States.

Mr. Moreno asserts that the combination of provisions enacted by

IIRIRA, 8 U.S.C. §1101(a)(48)(A), together with the repeal of §212(c) of the Act, and its replacement with 8 U.S.C. §1229b(a), which contains an absolute prohibition on granting discretionary relief to anyone convicted of an "aggravated felony," and the overly expansive definition of what constitute such "aggravated felonies," constitutes an unconstitutional "conclusive presumption" that all LPRs who have been convicted of any offense in that list are unworthy of being able to stay with their families in the United States, even where the State has deemed it appropriate to grant rehabilitative treatment to a first time offender. Similarly, by failing to permit any showing of countervailing equities, these provisions are unjustifiable, as they are not sufficiently narrowly tailored to meet a compelling state interest.

### 4. PROCEDURAL DUE PROCESS

Mr. Moreno also asserts that the Board's decision deprives his of Procedural Due Process, as seen by another series of Supreme Court cases, involving "fair notice." To apply *Matter of Roldan* and *U.S. v. Hernandez-Avalos* to Mr. Moreno retroactively converts a disposition which, at the time of his plea bargain, carried no immigration consequences at all, into one which requires mandatory deportation. Although not "punishment" for a criminal offense, deportation has long been recognized as a "penalty." *See, Reno v. American-Arab Anti Discrimination Committee*, 525 U.S. 471, 497-98 (1999), Justice Ginsberg, concurring in Part I and the result:

> As this Court has long recognized, "[t]hat deportation is a penalty - at times a most serious one - cannot be doubted." *Bridges*, 326 U.S., at 154, 65 S.Ct. 1443; see also *ibid*. (Deportation places "the liberty of an individual ... at stake.... Though deportation is not technically a criminal proceeding, it visits a great hardship on the individual and deprives him of the right to stay and live and work in this land of freedom.")

Deportation then becomes an additional penalty, retroactively

8

attached to the "criminal offense," not by any amendment to the statute, but by virtue of changed administrative and judicial interpretations thereof. This occurs even though, under state law, there is no conviction, and never will be one, if the Petitioner successfully completes his probation.

Therefore, §1101(a)(48)(A), as interpreted and applied herein, is unconstitutional in that it retroactively makes qualitative changes in the penalty imposed, in a wholly unexpected manner. *See*, Nancy Morawetz, "Rethinking Retroactive Deportation Laws and the Due Process Clause," NYU Law Rev., Vol 73, No. 1, April 1998. *See also, Arce v. Walker*, 139 F.3d 329,333-34 (2nd Cir. 1998):

> [T]he Due Process Clause protects against restraints or conditions of confinement that "exceed[ ] the sentence in ... an unexpected manner." *Sandin*, 515 U.S. at 484, 115 S.Ct. at 2300; *see id.* at 479 n. 4, 115 S.Ct. at 2297 n. 4 (observing that proscribed conditions of confinement must be "qualitatively different from the punishment characteristically suffered by a person convicted of crime, and [have] stigmatizing consequences." (citation and internal quotation marks omitted)); *see, e.g., Vitek v. Jones*, 445 U.S. 480, 493, 100 S.Ct. 1254, 1264, 63 L.Ed.2d 552 (1980) (holding that "involuntary commitment to a mental hospital is not within the range of conditions of confinement to which a prison sentence subjects an individual"); *Washington v. Harper*, 494 U.S. 210, 221-22, 110 S.Ct. 1028, 1036-37, 108 L.Ed.2d 178 (1990) (holding that inmate has a liberty interest under the Due Process Clause to refuse the involuntary administration of psychotropic drugs).

These protections exist even though deportation is a civil penalty, not criminal punishment. As the Supreme Court held in *BMW of North America v. Gore*, 517 U.S. 559,574 (1996) (footnote 22 in original):

> Elementary notions of fairness enshrined in this Court's constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will

subject him to punishment but also of the severity of the penalty that a State may impose. FN22

FN22. See Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) (*Ex Post Facto* Clause violated by retroactive imposition of revised sentencing guidelines that provided longer sentence for defendant's crime); Bouie v. City of Columbia, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964) (retroactive application of new construction of statute violated due process); id., at 350-355, 84 S.Ct., at 1701-1703 (citing cases); Lankford v. Idaho, 500 U.S. 110, 111 S.Ct. 1723, 114 L.Ed.2d 173 (1991) (due process violated because defendant and his counsel did not have adequate notice that judge might impose death sentence). The strict constitutional safeguards afforded to criminal defendants are not applicable to civil cases, but the basic protection against "judgments without notice" afforded by the Due Process Clause, *Shaffer v. Heitner*, 433 U.S. 186, 217, 97 S.Ct. 2569, 2587, 53 L.Ed.2d 683 (1977) (STEVENS, J., concurring in judgment), is implicated by civil *penalties*.

For a lawful permanent resident such as Mr. Moreno, there can be not question but that deportation is a "civil penalt[y]" imposed as a result of his criminal "conviction" for possession of marijuana. It therefore violates Due Process as a retroactive application of new construction of a statute, as in *Bouie v. City of Columbia, supra*, and because it imposes a "civil penalt[y]" without prior notice, as in *Shaffer v. Heitner, supra*. And, as in *BNW of North America v. Gore, supra*, it confounds the "[e]lementary notions of fairness enshrined in this Court's constitutional jurisprudence" which "dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a State may impose." [2]

---

[2] This is very similar to, and is reinforced by, the "void for vagueness" analysis of *Jordan v. DeGeorge*, 341 U.S. 223, 231 (1951) (statute relating to deportation would be tested under "void for vagueness" doctrine, notwithstanding that statute was not criminal statute, in view of grave nature of deportation).

10

## 5. INTERNATIONAL LAW AND TREATY OBLIGATIONS

Finally, Mr. Moreno urges that the instant order violates international law, and treaty obligations between the United States and Mexico, his country of origin.

Respectfully Submitted,

*/s/ Lisa S. Brodyaga*

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)
Fed. ID. 1178, Texas Bar 03052800

## VERIFICATION OF COUNSEL

I, Lisa S. Brodyaga, hereby certify that I am familiar with Petitioner's case and that the facts as stated with respect thereto are true and correct to the best of my knowledge and belief.

_____

## CERTIFICATE OF SERVICE

I, Lisa S. Brodyaga, hereby certify that a courtesy copy of the foregoing, with exhibits, was personally delivered to the office of Lisa Putnam, SAUSA, Harlingen, Texas, this 4th day of August, 2003.

_____

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

OSCAR WILBURD MORENO-RAMOS,         )
                                    )
v.                                  )        C.A. B-03-137
                                    )
A.G. WINFREY, Interim Field Office  )
   Director, DHS HLG/DO, and        )
THE UNITED STATES OF AMERICA.       )
_____ )


EXHIBIT "A" IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS

**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

| | |
|---|---|
| **MORENO-RAMOS, OSCAR WILBURD**<br>2801 MAPLE STREET, APT. 217<br>MCALLEN, TX 78501-0000 | **Office of the District Counsel/HL**<br>P.O. Box 1711<br>Harlingen, TX 78551 |

Name: MORENO-RAMOS, OSCAR WILBURD         A29-576-320

<u>D</u>ate of this notice: 05/28/2003

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Jeffrey Fratter
Chief Clerk

Enclosure

Panel Members:
  HOLMES, DAVID B.
  HURWITZ, GERALD S.
  MILLER, NEIL P.

**U.S. Department of Justice**  Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia   22041

---

File:   A29 576 320 - Harlingen                         Date:

In re:   OSCAR WILBURD MORENO-RAMOS                     MAY 28 2003

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   Pro se

ON BEHALF OF SERVICE:   Lisa M. Putnam
                        Assistant District Counsel

CHARGE:

   Notice:   Sec.   237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
                   Convicted of aggravated felony

             Sec.   237(a)(2)(B)(i), I&N Act [8 U.S.C. § 1227(a)(2)(B)(i)] -
                   Convicted of controlled substance violation

APPLICATION:   Termination

The Immigration and Naturalization Service ("the Service," now the department of Homeland Security, DHS) appeals from the Immigration Judge's decision dated December 8, 1998, granting the respondent's motion to terminate removal proceedings pursuant to *Matter of Manrique*, 21 I&N Dec. 58 (BIA 1995). The Service also argues that the Immigration Judge erred in finding that the respondent was not removable as an alien convicted of an aggravated felony. The Service appeal will be sustained.

The record shows that the respondent is a native and citizen of Mexico who entered the United States as a visitor on June 16, 1986, and adjusted his status to that of a lawful permanent resident on October 7, 1988. On October 21, 1997, the respondent pled guilty and was convicted in Brooks County, Texas, of the offense of possession of marijuana. The respondent was given a deferred adjudication of guilt under Texas law, Article 42.12, Section 5(a) of the Code of Criminal Procedure, for the offense of possessing approximately 100 pounds marijuana and was placed on 10 years of probation. Exh. 2 (notation).

The Service charged the respondent as an alien removable for having been convicted of a violation related to a controlled substance pursuant to section 237(a)(2)(B)(i) of the Immigration and Nationality Act, 8. U.S.C. § 1227(a)(2)(B)(i), and for having been convicted of an aggravated felony pursuant to section 237(a)(2)(A)(iii) of the Act. Exh. 1 (Notice to Appear). The Service argues on

A29 576 320

appeal that *Matter of Manrique, supra,* has been repudiated by subsequent Board precedent and circuit case law. *Matter of Roldan,* 21 I&N Dec. 512 (BIA 1999) (holding that the policy exception in *Matter of Manrique, supra,* which accorded federal first offender treatment to certain drug offenders who received state rehabilitative treatment is superseded by the enactment of section 101(a)(48)(A) of the Act). The Service also argues that the case law of the United States Court of Appeals, for the Fifth Circuit has held that a conviction for simple "possession of marijuana, possession of more than fifty pounds but less than 200 pounds of marijuana, constitutes an aggravated felony for purposes of sentencing guidelines." *See* Service brief at 7; *see also U.S. v. Hinojosa-Lopez,* 130 F. 3d 691 (5th Cir. 1997).

The Immigration Judge found the respondent had been convicted of a violation of law relating to a controlled substance and was removable pursuant to that charge. The Immigration Judge also found that, because the respondent's conviction was for possession of marijuana and not trafficking in a controlled substance, the respondent had not been convicted of an aggravated felony (I.J. at 2). Relying on our decision in *Matter of Manrique, supra,* the Immigration Judge found that, although the respondent had been convicted of a drug related state law violation, he had been accorded state rehabilitative treatment, and terminated removal proceedings. The Service has appealed from this decision.

In *Matter of Roldan, supra,* the Board held that under the statutory definition of "conviction" provided at section 101(a)(48)(A) of Act, no effect is to be given in immigration proceedings to a state action which purports to expunge, dismiss, cancel, vacate, discharge, or otherwise remove a guilty plea or other record of guilt or conviction by operation of a state rehabilitative statute. We further stated that once an alien is subject to a "conviction," as that term is defined at section 101(a)(48)(A) of the Act, the alien remains convicted for immigration purposes notwithstanding a subsequent state action purporting to erase the original determination of guilt through a rehabilitative procedure. We find that our decision in *Matter of Roldan, supra,* overturned our decision in *Matter of Manrique, supra,* by finding that the enactment of section 101(a)(48)(A), which gives no effect to rehabilitative actions in immigration proceedings. Accordingly, the Immigration Judge erred by terminating the removal proceedings based on *Matter of Manrique, supra.*

The Immigration Judge's finding that the respondent's conviction did not constitute an aggravated felony is contrary to currently controlling precedent of the Fifth Circuit. See *United States v. Hernandez-Avalos,* 251 F.3d 505 (5th Cir. 2001) (rejecting the notion that section 924(c)(2) may be interpreted differently in immigration and criminal cases), *cert. denied,* 122 S. Ct. 305 (2001); *United States v. Caicedo-Cuero,* 312 F.3d 697, 705-706, n.56. (5th Cir. 2002) (finding that the defendant's prior drug possession conviction qualifies as a "felony" for purposes of the aggravated felony provisions including sections 101(a)(43), and (a)(48)(B) of the Act). Therefore, we find that the respondent's conviction for felony possession of approximately 100 pounds of marijuana renders him removable as an alien convicted of an aggravated felony under section 237(a)(2)(A)(iii) of the Act and precludes him from applying for cancellation of removal under section 240A(a) of the Act (Exh. 2). *Matter of Yanez,* 23 I&N Dec. 390 (BIA 2002)( holding that

2

A29 576 320

state drug convictions classified as felonies under state law, but not necessarily under federal law, constitute "drug trafficking crimes" under 18 U.S.C. § 924(c)(2), such that they may be considered aggravated felonies under section 101(a)(43)(B) of the Act); *see also United States v. Caicedo-Cuero, supra; Hernandez-Avalos, supra.* The respondent does not appear to be eligible for relief from removal. Accordingly, the following orders will be entered.

ORDER: The Service's appeal is sustained.

FURTHER ORDER: The respondent is ordered removed to Mexico.

_____
FOR THE BOARD

3

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

OSCAR WILBURD MORENO-RAMOS,        )
                                   )
v.                                 )      C.A.  B-03-137
                                   )
A.G. WINFREY, Interim Field Office )
  Director, DHS HLG/DO, and        )
THE UNITED STATES OF AMERICA.      )
_____)

EXHIBIT "B" IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS

UNITED STATES DEPARTMENT OF JUSTICE
Immigration and Naturalization Service
1717 Zoy Street
Harlingen, Texas 78552

File No.: A29 576 320
Date: July 14, 2003

Oscar Wilburd Moreno-Ramos
2801 Maple Street, Apt# 217
McAllen, TX 78501

As you know, following a hearing in your case you were found removable and the hearing officer has entered an order of removal. A review of your file indicates there is no administrative relief which may be extended to you, and it is now incumbent upon this Service to enforce your departure from the United States.

Arrangements have been made for your departure to _____Mexico_____
(COUNTRY)

on ___August 14, 2003___ from ___Brownsville, Texas___ on the
     (DATE)                      (PORT OF DEPARTURE)

_____Vehicle Transportation_____
NAME OF VESSEL, AIRLINE, OR OTHER TRANSPORTATION)

You should report to a United States Immigration Officer at the __Deportation__ Section at
                                                                    (NO.)

___U.S. I.N.S., Harlingen Field Office, 1717 Zoy Street, Harlingen, TX 78552___
(ADDRESS)

at ___10:00 a.m.; August 14, 2003___ completely ready for removal. At the time of
    (HOUR AND DATE)

your departure from __Harlingen, TX__ you will be limited to _20_ lbs. of baggage.
                    (PLACE OF SURRENDER)

Should you have personal effects in excess of this amount you must immediately contact

___Mr. Johnny Luna___ at __(956) 389-7800__ or come in person at the ddress
(NAME OF OFFICER)       (PHONE NO. AND EXT.)

above, and an appropriate disposition of your excess baggage will be discussed with you.

CERTIFIED MAIL # 7160 3901 9844 2174 7458

Very truly yours,

                                     SDDO
for A. G. Winfrey
Interim Field Office Director
Detention and Removal

FORM I-166
(REV. 04/01/69)

cc: